UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number: 19-60323-CIV-ALTMAN-SNOW

RUSSELL CHARD, on behalf of himself and
similarly situated individuals, and RETIRED
FIREFIGHTERS LEGAL DEFENSE FUND, INC.,

  Plaintiffs,

vs.                 Class Action

THE BOARD OF TRUSTEES OF THE CITY
OF HOLLYWOOD FIREFIGHTERS' PENSION
SYSTEM and CITY OF HOLLYWOOD,

  Defendants.
_____/

## JOINT SCHEDULING REPORT

Plaintiffs Russell Chard, on behalf of himself and similarly situated individuals ("Retired Firefighters") and Retired Firefighters Legal Defense Fund, Inc. ("Association"), Defendant The Board of Trustees of the City of Hollywood Firefighters' Pension System (the "Board") and Defendant City of Hollywood (the "City"), through their undersigned counsel and pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1 and this Court's Order (ECF No. 4) hereby file this Joint Scheduling Report.

 A. Informed Required Pursuant to Subsections (A) through (K) of Local Rule 16.1(b)(2)

1. **Likelihood of settlement**: The Parties will explore possibilities for settlement after initial motions have been heard and the case becomes at issue. The Parties are amenable to mediation at the appropriate time.

2. **Likelihood of appearance of additional parties**: The Parties do not anticipate the appearance of additional parties but reserve the right to seek leave to amend their pleadings to name additional parties in the event discovery reveals such a need.

3. **Proposed limits on the time**: The Parties agree to the dates set forth in Attachment A hereto.

4. **Proposals for formulation and simplification of issues, including elimination of frivolous claims or defenses, and number and timing of motions for summary judgment or partial summary judgement:** Defendants have filed motions to dismiss the complaint, and the Parties suggest that the outcome of the Court's ruling on the motions will permit the Parties to better propose formulation and simplification of issues. After the case becomes at issue, the Parties anticipate stipulating to the authenticity of documents and undisputed facts to the extent possible and expect to file motions for summary judgment or partial summary judgment to eliminate or narrow the claims and defenses to be presented at trial. The deadline for filing summary judgment motions is specified in Attachment A. The quantity of summary judgment motions has not yet been determined.

5. **Necessity of Amendment to Pleadings:** The Parties reserve the right to request amendment of the pleadings as necessary in accordance with information produced in discovery.

6. **Possibility of obtaining admissions of fact and of documents, electronically stored information or things, stipulations regarding authenticity of documents, and the need for advance rulings from the court on admissibility of evidence:** The Parties will attempt to obtain admissions of fact, make appropriate stipulations, and exchange documents to avoid unnecessary proof in this action. The Parties will work to agree on

authentication of relevant documents. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

7. **Suggestions for avoidance of unnecessary proof and cumulative evidence:** The Parties will attempt to obtain admissions of facts and documents, stipulations regarding the authenticity of documents, and advance rulings from the Court on the admissibility of evidence in order to avoid unnecessary proof and cumulative evidence at trial.

8. **Suggestions on advisability of referring matters to a magistrate judge or master:** The Parties agree all non-dispositive issues may be referred to the Magistrate Judge as determined by the Court.

9. **Preliminary estimate of the time requested for trial:** The Parties estimate that trial in this matter would last approximately 4-5 days.

10. **Requested date(s) for conferences before trial, a final pretrial conference, and trial**:

    Pretrial conference: June 15, 2020 or later, as determined by the Court

    Trial: July 6, 2020.

11. **Additional issues**:

    a. **Disclosure, discovery or preservation of ESI**: The Parties will preserve all relevant discoverable information within the scope of Fed. R. Civ. P. 26 that is in their respective possession, custody or control, until the conclusion of this case, or until otherwise stipulated by counsel and approved by the Court. The Parties are currently uncertain as to the nature and extent of ESI disclosure that is relevant to the claims or defenses and proportional to the needs of the case. The Parties anticipate reaching stipulations as to the form in which ESI should be produced should ESI discovery become relevant or necessary.

    b. **Claims of privilege or of protection as a trial-preparation materials**: The Parties are uncertain at this time as to the extent of any privilege that will be claimed and agree that privilege including the attorney-client privilege, work-product privilege and other applicable privilege recognized by law are available to the Parties.  Should issues regarding confidentiality arise, the Parties agree to enter into a written Confidentiality Agreement acceptable to all Parties that will govern the production of confidential materials, which Confidentiality Agreement will be submitted to and approved by the Court.

    c. **Initial Disclosures**.  The Parties agree to exchange disclosures under Rule 26(a)(1)(A) through the normal course of discovery.

<u>Additional Information Required Under Order (ECF No. 4, page 2)</u>

12. **Trial**: Trial will be by jury on all issues so triable.

13. **Outline of legal elements of each claim and defenses**:

a. <u>Plaintiffs' Outline of Claims</u>.  Plaintiffs, who are Retired Firefighters of the City of Hollywood and their Association, allege constitutional violations against impairment of contract and unlawful taking of property under Article I, § 10 and the 5th and 14th Amendments to the United States Constitution and seek to prohibit the Defendants' modification, reduction or elimination of the Retired Firefighters' contractual supplemental pension benefit.  Plaintiffs also raise state constitutional claims and state common law actions for breach of contract, equitable estoppel and waiver.  For their impairment of contract claims, Plaintiffs will prove: (1) Chard and similarly situated individuals (putative class) have contractual rights in supplemental pension benefits; (2) exercise of legislative power or authority by Defendants; and (3) impairment of obligation of contract.  For their

unlawful taking of property without just compensation claims, Plaintiffs will prove: (1) Chard and similarly situated individuals (putative class) have property rights or interests in supplemental pension benefits; (2) government action giving rise to a taking that deprives Retired Firefighters of the economic benefit or use of their supplemental pension benefits; and (3) no just compensation. For their breach of contract claim, Plaintiffs will prove: (1) the existence of a valid pension contract; (2) material breach; and (3) damages. Moreover, Plaintiff will show Defendants are equitably estopped from changing, reducing or eliminating the contractual supplemental pension benefit as the Retired Firefighters have detrimentally and justifiably relied on Defendants' actions and representations that the supplemental pension benefit was part of their pension contract, and through their representations and actions have waived any power to change, reduce or eliminate the Retired Firefighters' supplemental pension benefit.

b. <u>Defendant Board's Outline of Defenses</u>

1. The complaint is properly dismissed on abstention grounds as outlined in Defendant Board's Motion to Dismiss, filed April 11, 2019, Document 20.

2. The Plaintiffs have failed to state a claim for impairment of contract or takings for the reasons outlined in Defendant Board's Motion to Dismiss, filed April 11, 2019, Document 20.

3. The court lacks subject matter jurisdiction in that Plaintiffs have failed to exhaust administrative remedies before the Board.

4. Plaintiffs have failed to provide the statutorily required pre-suit notice pursuant to §768.28, Fla. Stat.

5. Claims brought under §1983 are time barred by the applicable state statute of limitations as outlined in the Motion to Dismiss, field April 11, 2019, Document 20.

6. Plaintiff, Retired Firefighters Legal Defense Fund, Inc., lacks standing as it is neither a retiree or beneficiary of the Plan and, consequently, not a member of the purported class.

7. Class certification would be improper for all retirees in that constitutional protection only extends to accrued benefits. Not all pre July 15, 2009 retirees would have identical accrued benefits as outlined in the Board's Motion to Dismiss, filed April 11, 2019, Document 20.

8. Plaintiffs' claims are barred by the doctrine of waiver, payment, estoppel and release.

  c. <u>Defendant City's Outline of Defenses.</u>

1. The complaint is properly dismissed on abstention grounds.

2. The Plaintiffs have failed to state a claim for breach or impairment of contract, takings, or equitable estoppel and waiver.

3. The court lacks subject matter jurisdiction in that Plaintiffs have failed to exhaust administrative remedies.

4. Plaintiffs have failed to provide the statutorily required pre-suit notice pursuant to §768.28, Fla. Stat.

5. All of Plaintiffs' claims are time-barred as to Defendant City based on the applicable statutes of limitations.

6. Plaintiff, Retired Firefighters Legal Defense Fund, Inc., lacks standing as it is neither a retiree nor beneficiary of the Plan and, consequently, not a member of the purported class.

7. Plaintiffs' claims are barred by the doctrines of waiver, payment, estoppel and release.

14. **Good faith estimate of specific dollar valuation of actual damages and other relief at issue**: Plaintiffs' good faith estimated valuation of the damages (not including interest) is $12 million.

15. **Need for variance from the discovery**: The Parties agree that this case should be set on a Standard Case Management Track.  The Parties are not seeking for a variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure except that the proposed discovery cutoff may exceed the range (269 days from the date of the Scheduling Order pursuant to Local Rule 16.1(a)(2)(B)) for the Standard Track by four to five weeks.  The Parties submit the slight variance for the discovery cutoff is justified as both Defendants have moved to dismiss the complaint and the case is not yet at issue.

### CONSENT OF COUNSEL

Pursuant to Rule 3J(3) of the Administrative Procedures of the United States District Court for the Southern District of Florida, the undersigned counsel filing this Joint Scheduling Report represents to the Court that all counsel for the Parties have authorized their electronic signature to be affixed to this Joint Scheduling Report.

                                                                                Respectfully submitted,

| | |
|---|---|
| KLAUSNER, KAUFMAN, JENSEN & LEVINSON, P.A. | DONNELLY + GROSS |
| s/Stuart A. Kaufman | s/Paul A.Donnelly |
| STUART A. KAUFMAN | PAUL A. DONNELLY, Trial Counsel |
| Florida Bar No. 979211 | Florida Bar No. 813613 |
| stu@robertdklausner.com | paul@donnellygross.com |
| ROBERT D. KLAUSNER | JAMES F. BRANTLEY |
| Florida Bar No. 244082 | Florida Bar No. 68294 |
| bob@robertdklausner.com | jim@donnellygross.com |
| 7080 N.W. 4th Street | 2421 NW 41st Street, Suite A-1 |
| Plantation, Florida 33317 | Gainesville, FL 32606 |
| Telephone: (954) 916-1202 | Telephone: (352) 374-4001 |
| Facsimile: (954) 916-1232 | Facsimile: (352) 374-4046 |
| Counsel for Defendant Board | Attorneys for Plaintiffs |

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

s/ Lara J. Peppard
J. Robert McCormack
Florida Bar No. 864791
bob.mccormack@ogletree.com
Lara J. Peppard
Florida Bar No. 520055
lara.peppard@ogletree.com
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530

Counsel for Defendant City

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April, 2019, a true and correct copy of the foregoing was electronically filed via the CM/ECF system which will send a notice of electronic filing to all counsel of record appearing in the Service List below.

s/ Lara J. Peppard

## SERVICE LIST

<u>**Via CM/ECF Electronic Notification**</u>

Paul A. Donnelly, Esq.
James F. Brantley, Esq.
Donnelly & Gross
2421 NW 41st Street, Suite A-1
Gainesville, FL  32606
*Attorneys for Plaintiffs*

<u>**Via CM/ECF Electronic Notification**</u>

Robert D. Klausner, Esq.
Stuart A. Kaufman, Esq.
Klausner, Kaufman, Jensen & Levinson, P.A.
7080 N.W. 4th Street
Plantation, Florida  33317
*Attorneys for Defendant The Board of Trustees of the City of Hollywood Firefighters' Pension System*

<u>**Via CM/ECF Electronic Notification**</u>

J. Robert McCormack, Esq.
Lara J. Peppard, Esq.
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
bob.mccormack@ogletree.com
lara.peppard@ogletree.com
*Attorneys for Defendant City of Hollywood*

38227580.1